# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM E ROBERTIS MORENO,

      Petitioner,

      v.                              Case No. 2:26-cv-01797 KWR-LF

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. In 2023, Petitioner arrived at a port of entry on the border and was paroled into the United States for approximately two years. His parole ultimately expired and he was taken into immigration detention in April 2026. Petitioner seeks release from ICE custody. He asserts that his parole was improperly revoked without individualized findings of flight risk or being a danger to the community. As explained below, Petitioner's parole automatically expired, and therefore notice or individualized findings were not required. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Venezuela and was detained by ICE at the Otero County Processing Center. Doc. 1 at 1. On September 22, 2023, Petitioner presented at a port of entry and was paroled into the United States. It appears Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) for approximately two years. Doc. 6-1 at 3. Petitioner asserts that he was paroled for one year. Doc. 1 at 1. Thus, it appears that his parole expired no later than September 22, 2025.  On April 28, 2026, Petitioner was arrested by ICE at a check-in appointment. Doc. 1 at 2. There is nothing in the record before the Court to suggest his parole was extended, and Petitioner did not state in his Petition that it was extended.

Petitioner asserted that his procedural due process rights were violated when he was detained without a finding that he is a flight risk or danger to the community.  Moreover, he asserts that by failing to immediately detain him after his parole expired, Respondents created an implied promise that he would remain out of custody after the expiration of his parole. However, Petitioner provides no factual details regarding the alleged failure to detain him after the expiration of his parole. He asserts he did not have a detention hearing prior to his detention.

**DISCUSSION**

I.    **Petitioner's due process rights were not violated when his parole expired and he was detained.**

Petitioner asserts a narrow claim in his Petition. He asserts that Respondents violated his due process rights by failing to examine whether he is a flight risk or danger to the community prior to detaining him when his parole expired. As explained below, when his parole expired, Respondents were not required to provide him written notice of the termination of his parole or individually determine whether his parole should be revoked.

2

To be sure, when considering a different regulation, the Tenth Circuit concluded that where there was a discretionary decision on whether to revoke parole, Respondents must provide an individualized determination. *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). The relevant regulation in this case provides:

> (1) Automatic. Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.
>
> (2)(i) On notice. In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody.

8 C.F.R. § 212.5(e)(i). This regulation appears to provide for a discretionary determination when parole is revoked. But here Respondents did not revoke his parole. Petitioner's parole expired automatically two years after he was paroled. Under the regulations, once Petitioner's parole expired, the termination of his parole was automatic and no written notice was required. Moreover, because his parole expiration was automatic, there was no discretionary decision in terminating his parole. Thus, individualized findings were not required. He has not cited to any authority that an individualized determination or written notice is required when parole automatically expires.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding,

"[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Petitioner does not explain or cite to any law suggesting that when parole automatically expire Respondents were required to provide a hearing to determine whether he was a flight risk or danger

4

to the community prior to his detention.  For example, do the *Mathews* factors apply here, and if so, how do those factors apply to the facts of this case to warrant a bond hearing or his immediate release? Petitioner does not explain.  Therefore, Petitioner's procedural due process claim is not well-taken, as Petitioner has not shown he was entitled to written notice or individualized findings justifying the termination of his parole when his parole automatically expired.

Petitioner also summarily asserts that Respondents impliedly promised that they would not detain him after his detention. It appears that his parole expired in September 2025 and he was taken into custody in April 2026. But Petitioner does not provide any factual details regarding the alleged implied promise, such as check-ins at which Respondents failed to take him into custody. Therefore, he failed to carry his burden.

**II.      Petitioner is not entitled to a bond hearing at this time.**

Petitioner asserts that he should have received a determination regarding whether he is a flight risk or danger to the community prior to his detention. To the extent Petitioner asserts he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the Court disagrees. Petitioner is mandatorily detained at this time under § 1225(b). As explained below, Petitioner was paroled into the country at a port of entry. Upon the expiration of his parole a year later, he was returned to his custody status at the border, which falls under § 1225(b).

Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) while a decision on his removal proceedings is pending. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to

be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Under 8 U.S.C. § 1226(a), however, detention is a discretionary decision.

Here, Petitioner's detention clearly falls under § 1225(b). While at a port of entry at the border in 2023, he was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A) for two years. At the time of his parole at the border, he was clearly arriving at the border or seeking admission into the United States, and therefore subject to mandatory detention under § 1225(b), absent parole. Applicants for admission may be released on parole on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served" the noncitizen shall "be returned to the custody from which he was paroled…." *Id.*

As this Court has previously determined, once § 1182 parole is terminated, a petitioner is returned to the legal status held at the time that parole was granted. *Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at * 14 (D.N.M. May 27, 2026). As explained above, Respondents assert that he was paroled into the United States for two years. Thus, his parole expired in September 2025, before his arrest. Petitioner does not assert that his parole was extended. Therefore, the Court assumes that Petitioner's parole expired prior to his arrest. Consistent with the Court's reasoning in *Flores Diaz,* which the Court adopts and incorporates herein, once Petitioner's parole was terminated, he was returned to his status when he was paroled at the border, which falls under § 1225(b). Therefore, Petitioner is mandatorily detained under § 1225(b) at this time.

Petitioner has not argued that his detention under § 1225(b) under these circumstances violates due process and requires a bond hearing, and the Court declines to *sua sponte* raise this argument. Petitioner has also not argued that his detention is prolonged or his detention violates substantive due process, i.e., is punitive and not rationally related to a legitimate governmental interest, and the Court declines to *sua sponte* consider these arguments.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE